

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# USA v. Cancilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cancilla" (2008). *2008 Decisions.* Paper 1142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-5025

UNITED STATES OF AMERICA

v.

JEFFREY  EDWARD CANCILLA,
                                                  Appellant

_____

On Appeal from the District Court for the
Western District of Pennsylvania
District Court No. 05-CR-058
District Judge: The Honorable Maurice B. Cohill, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2008

Before: SMITH, and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge**

(Filed: May 27, 2008 )

_____

OPINION

_____

PER CURIAM.

_____

*The Honorable William H. Stafford, Jr., Senior United States District Judge
for the Northern District of Florida, sitting by designation.

Jeffrey Edward Cancilla (hereinafter "Cancilla") appeals his conviction of possessing pseudoephedrine to manufacture methamphetamine on or about October 14, 2005 in violation of 21 U.S.C. § 841(c)(2).[1] Cancilla filed a motion to suppress evidence stemming from a search of his vehicle, arguing that there were insufficient facts stated in the affidavit to support the application of the search warrant. The Government argued that the search warrant affidavit did contain sufficient information to establish probable cause, and alternatively that even if probable cause was lacking, the fruits of the search fell within the good faith exception as articulated in *United States v. Leon*, 468 U.S. 1250 (1984).We conclude that, although a close question, probable cause was present. We will affirm the District Court.

On October 14, 2005, store security at a Giant Eagle supermarket in Erie, Pennsylvania detained Cancilla after observing him place six boxes of cold medicine, containing pseudoephedrine, in his coat. At some point during his detention, Cancilla ingested a half-ounce of crystal methamphetamine. Cancilla

_____

[1] 21 U.S.C. § 841(c)(2) provides in pertinent part: "Any person who knowingly or intentionally . . . possesses or distributes a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance except as authorized by this subchapter . . . ." *Id.*

was immediately taken to a nearby hospital, where he was treated for approximately four days. While at the hospital, Pennsylvania State Trooper Robert Youngberg filed a criminal complaint and secured an arrest warrant for Cancilla. Officers arrested Cancilla, gave him his *Miranda* warnings, and subsequently interviewed him. During the interview, Cancilla described himself as the "Pill Man" because he regularly stole pills containing pseudoephedrine in order to manufacture and sell illegal methamphetamine. He also admitted that he drove his truck to the Giant Eagle in order to procure the pills.

After the interview, Trooper William McClellan applied for and obtained a search warrant to search Cancilla's truck, a 1991 Chevrolet S-10 Blazer. The affidavit cited the facts relating to Cancilla's arrest, hospitalization and interview. In support of the search warrant, the affidavit explained that "[t]he probable cause . . . is based on the afiants [sic] personal participation in this investigation as well as information provided by the owner of the property to be searched . . . ." (App'x. at 34.) The affidavit also stated, in the last line, that Cancilla "drove his vehicle, truck, to the Giant Eagle." (*Id.*)

The search of the truck on October 18, 2005 led to the seizure of a variety of items that are used in the production of methamphetamines, including over 1300 pseudoephedrine pills, eight lithium batteries, and a digital pocket scale. In his

3

May 25, 2006 Motion to Suppress, Cancilla argued that the affidavit did not specify the vehicle that he drove to the Giant Eagle and that there was insufficient probable cause to search the truck. On August 23, 2006, the District Court denied Cancilla's Motion to Suppress finding that a common sense reading of the warrant supported a reasonable inference of probable cause to search the vehicle. Immediately following the suppression hearing, Cancilla entered a conditional plea of guilty.[2] On November 29, 2006, Cancilla was sentenced to 151 months of incarceration followed by three years of supervised release. This timely appeal followed.[3]

We exercise plenary review of a district court's denial of a motion to suppress. *United States v. Loy*, 191 F.3d 360, 265 (3d Cir. 1999). We apply a deferential standard of review as to both the magistrate's determination that probable cause existed and the magistrate's authorization of the search. *Illinois v. Gates*, 462 U.S. 213, 236-38 (1983). The Supreme Court has instructed that an issuing authority should "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair

---

[2] The plea agreement stipulated that a direct appeal from his conviction would be limited to whether the suppression motion was properly denied.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. The reviewing court, however, is to "simply . . . ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238-39 (internal quotations and citations omitted).[4]

Cancilla contends that there was not a sufficient nexus between his activity in the Giant Eagle and the vehicle in the parking lot. He also counters that the warrant was insufficient to support a finding that the good faith exception to the exclusionary rule should apply. We disagree.

A search warrant does not have to identify direct evidence linking a defendant to a particular location. *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001). "Probable cause can be, and often is, inferred by considering the type of crime, [and] the nature of the items sought . . . . A court is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *Id.* (internal quotations and

---

[4] As to the Government's alternative argument before the District Court, even where the magistrate judge has not had a sufficient basis for a probable cause determination, that fact alone does not warrant the "extreme sanction of exclusion." *U.S. v. Leon*, 468 U.S. 897, 926 (1984). A good faith exception exists where the suppression of evidence would be inappropriate because an officer acts in "objectively reasonable reliance on a warrant's authority." *United States v. Zimmerman*, 277 F.3d 426, 436 (3d Cir. 2002). We exercise plenary review over a District Court's determination that the good faith exception to the exclusionary rule applies. *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001).

citations omitted). We are persuaded that there was sufficient probable cause to search Cancilla's truck. Cancilla had admitted to the troopers that he regularly engaged in stealing or buying pseudoephedrine pills and that he was considered the "Pill Man." Given this admission about a course of conduct, the fact that Cancilla used the truck to transport himself to the scene of the crime, and that he presumably intended to use it to depart the crime scene, it was reasonable for the troopers to believe that the truck would contain contraband.

Yet even if we were to determine that probable cause to search did not exist here, we conclude that the good faith exception is applicable.[5] Although the District Court did not reach the issue of the good faith exception's application, the Government did raise the issue in response to the defendant's motion to suppress. (App'x at 41.) We are, therefore, free to reach the issue at this time. The test used to determine whether the good faith exception applies is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Hodge*, 246 F.3d at 307 (internal quotations and citations omitted). Although the existence of a warrant is ordinarily sufficient to demonstrate an officer conducted a search in good faith, this Court has

---

[5] Judge Smith is *dubitante* on the existence of probable cause. He concludes, nonetheless, that the search falls within *Leon*'s good faith exception. 468 U.S. at 926.

nevertheless identified four situations where an officer's reliance on a warrant would be objectively unreasonable: (1) where the magistrate issues a warrant in reliance on an affidavit that is deliberately or recklessly false; (2) where a magistrate abandons his judicial role and fails to execute the warrant in a neutral and detached manner; (3) where the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) where the warrant is so facially deficient that it does not particularize with any specificity the place to be searched or the things to be seized. *Id.* at 308 (internal citations omitted). We conclude that Cancilla has failed to demonstrate that any of the exceptions are applicable here.

We agree with the District Court that the totality of the circumstances are sufficient, if barely, to support the existence of probable cause. Alternatively, in the absence of probable cause, we would conclude that the good faith exception renders the search lawful. For the reasons stated, we will affirm the judgment of the District Court.